UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

---

| | | |
|---|---|---|
| LAURA CONSTANTINE, individually and on behalf of all others similarly situated, | : | Case No. |
| Plaintiff, | : | |
| against | : | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| NATIONAL GRID USA SERVICE COMPANY, INC. | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

---

The plaintiff, Laura Constantine ("Plaintiff"), individually and on behalf of those similarly situated, brings this action against her former employer, National Grid USA Service Company, Inc. ("National Grid"), for violation of state and federal wage and hour laws. The crux of this complaint is that the National Grid: (1) misclassified certain employees as overtime-exempt; and (2) failed to pay certain employees overtime wages for overtime hours worked, all in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and Massachusetts wage and hour laws, including M.G.L. c. 151, §§ 1A, 1B and M.G.L. c. 149, § 148 ("Massachusetts Law"). In addition, National Grid failed to pay non-union employees, including Plaintiff, on a timely basis also in violation of Massachusetts Law.

**PRELIMINARY STATEMENT**

1. National Grid is a utility provider and Massachusetts corporation with its principal office located at 170 Data Drive, Waltham, MA 02451.

2. As a utility provider, National Grid's core functions include providing natural gas and electricity for homes and businesses in Massachusetts.

3. National Grid employed Plaintiff and other non-union employees in Massachusetts to assemble work packets for National Grid crews assigned to their "yard" each day, handle certain customer requests, dispatch National Grid crews, and enter data under various job titles that include the terms "planners," "resource coordinators," and "schedulers." (collectively, "Planner Employees").

4. National Grid paid some or all of its Planner Employees on a salary basis.

5. National Grid's Planner Employees regularly worked over forty (40) hours per workweek.

6. Plaintiff and other Planner Employees' primary job duty consisted of scheduling and dispatching National Grid crews on a daily basis as directed by National Grid and under the direct supervision of National Grid supervisors ("Planner Work").

7. The Planner Work performed by Plaintiff and other Planner Employees is non-exempt work.

8. Plaintiff brings this action on behalf of herself and other similarly situated Planner Employees who, due to National Grid's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual workweeks in violation of the FLSA and Massachusetts Law.

9. National Grid classified Planner Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over forty (40) hours in individual workweeks in violation of the FLSA and Massachusetts Law.

10. National Grid also employs non-union employees in Massachusetts ("Massachusetts Employees").

11. National Grid paid/pays Plaintiff and Massachusetts Employees on a monthly basis.

12. Massachusetts Law requires employers to pay employees on a weekly, bi-weekly, or semi-monthly basis unless "such employee elects *at his own option* to be paid monthly…" M.G.L. Ch. 149, Sec. 148 (emphasis added).

13. Plaintiff did not elect at her own option to be paid monthly.

14. On information and belief, Massachusetts Employees did not elect at their own option to be paid monthly.

15. Plaintiff brings this action on behalf of herself and other similarly situated Massachusetts Employees who, due to National Grid's election to pay Plaintiff and Massachusetts Employees monthly, were not paid on a timely basis in violation of Massachusetts Law.

16. Plaintiff also brings class and collective action claims under Massachusetts Law.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the FLSA. This court has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

18. Plaintiff's state law claims are so closely related to her claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

19. This Court also has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

20. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and National Grid resides in, and does business within, this District.

21. The Plaintiff has filed a complaint regarding this matter with the Massachusetts Attorney General pursuant to M.G.L. c. 149, § 150.

## THE PARTIES

22. Plaintiff Laura Constantine is an individual residing in Malden, MA.

23. National Grid is a Massachusetts corporation with its principal office located at 170 Data Drive, Waltham, MA 02451.

24. National Grid is a covered employer as defined by the FLSA and Massachusetts Law.

25. National Grid employed Plaintiff and similarly situated employees within the meaning of the FLSA and Massachusetts Law.

26. National Grid has had substantial control over the working conditions of Plaintiff and similarly situated employees, and over the unlawful policies and practices alleged herein, at all times relevant to this lawsuit.

27. National Grid controlled Plaintiff's and similarly situated employees' terms and conditions of employment by determining their compensation, the frequency of their compensation, and setting their schedules.

28. On information and belief, National Grid's annual gross volume of sales made, or business done, is not less than $500,000.

## **STATEMENT OF FACTS**

*Misclassification Facts*

29.     Plaintiff worked for National Grid as a Planner Employee from approximately 2015 until January 3, 2025.

30.     During her employment with National Grid, Plaintiff primarily performed Planner Work.

31.     During her employment with National Grid, Plaintiff's job duties did not include regularly directing the work of two or more employees.

32.     During her employment with National Grid, Plaintiff did not have the authority to hire, fire, suspend, or otherwise discipline any of National Grid's other employees.

33.     During her employment with National Grid, Plaintiff's primary job duty was not managing National Grid's business or any subdivision of National Grid's business.

34.     During her employment with National Grid, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

35.     During her employment with National Grid, Plaintiff could not waive or deviate from National Grid's established policies or procedures in performing Planner Work without approval.

36.     During her employment with National Grid, Plaintiff's job duties did not involve developing, reviewing, or evaluating business policies of National Grid or National Grid's customers.

37. During her employment with National Grid, Plaintiff's job duties did not involve formulating, interpreting, or implementing management policies for National Grid or National Grid's customers.

38. During her employment with National Grid, Plaintiff's job duties did not involve carrying out major assignments in conducting the operations of National Grid's business.

39. During her employment with National Grid, Plaintiff did not perform work that affected National Grid's business operations to a substantial degree.

40. During her employment with National Grid, Plaintiff did not have the authority to commit National Grid in matters that have a significant financial impact.

41. During her employment with National Grid, Plaintiff's job duties did not involve planning long-term or short-term business objectives of National Grid or National Grid's customers.

42. Plaintiff was a "worker bee" who performed her job duties at the direction of National Grid and under the direct supervision of National Grid's management and supervisory employees.

43. National Grid suffered Plaintiff to work over forty (40) hours in one or more individual workweeks during the last three (3) years.

44. During her employment with National Grid, Plaintiff worked over forty (40) hours in one or more individual workweeks during the last three (3) years.

45. National Grid classified Plaintiff as exempt from the overtime provisions of the FLSA and Massachusetts Law.

46. National Grid paid Plaintiff a salary.

47. When Plaintiff worked over forty (40) hours in individual workweeks, National Grid did not pay her overtime at one and one-half times her regular rate of pay.

*Untimely Payment Facts*

48. National Grid paid Plaintiff on a monthly basis.

49. Plaintiff did not elect at her own option to be paid monthly.

50. Instead, National Grid elected to pay Plaintiff monthly.

51. Plaintiff is a covered employee within the meaning of the FLSA and Massachusetts Law.

52. Plaintiff has filed a written consent to join this action which is attached hereto as **Exhibit A**.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings the first Cause of Action, FLSA minimum wage and overtime claims, on behalf of herself and all similarly situated persons who work or have worked for National Grid between March 3, 2022, and the date of final judgment as Planner Employees, who did not receive overtime pay at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

54. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by National Grid and National Grid has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

55. As part of its regular business practice, National Grid has intentionally, willfully, and repeatedly engaged in a pattern, practice, and policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This conduct includes, but is not limited to:

      (a)      Willfully misclassifying Plaintiff and the FLSA Collective as Planner Employees;

      (b)      Willfully failing to pay Plaintiff and the FLSA Collective the minimum wage for all hours worked;

      (c)      Willfully failing to pay Plaintiff and the FLSA Collective overtime for hours that they worked in excess of forty (40) hours per workweek; and

      (d)      Willfully failing to record all of the time that Plaintiff and the FLSA Collective have worked for the benefit of National Grid.

56. National Grid is aware or should have been aware that federal and state law required it to pay Plaintiff and the FLSA Collective an overtime premium for hours worked in excess of forty (40) per workweek.

57. National Grid's conduct has been widespread, repeated, and consistent.

58. National Grid is liable under the FLSA for failing to properly compensate Plaintiff and the members of the FLSA Collective.

59. Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have been underpaid by National Grid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to National Grid, are readily identifiable, and can be located through National Grid records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## MASSACHUSETTS CLASS ACTION ALLEGATIONS

60. Plaintiff brings the second Cause of Action, on behalf of herself and a class of persons who work or have worked for National Grid between March 3, 2022, and the date of final judgment, who did not receive overtime pay of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek ("Massachusetts Overtime Class").

61. Plaintiff brings the third Cause of Action, on behalf of herself and a class of non-union persons who work or have worked for National Grid between March 3, 2022, and the date of final judgment, who were paid on a monthly basis. ("Massachusetts Monthly Pay Class").

62. The persons in the Massachusetts Overtime Class and the Massachusetts Monthly Pay Class are so numerous that joinder of all members is impracticable.

63. Although the precise number of such persons is unknown, the facts on which the calculation of that number depends are presently within the sole control of National Grid.

64. Upon information and belief, the Massachusetts Overtime Class consists of more than forty (40) members.

65. Upon information and belief, the Massachusetts Monthly Pay Class consists of more than forty (40) members.

66. Plaintiff will fairly and adequately protect the interests of the Massachusetts Overtime Class and the Massachusetts Monthly Pay Class.

67. Common questions of law and fact exist as to the Massachusetts Overtime Class and predominate over any questions affecting only individual members, and include, but are not limited to, the following:

  (a) Whether National Grid failed to pay Plaintiff and the Massachusetts Overtime Class overtime pay in the amount of one and one-half times the regular rate for hours worked over forty (40) in a workweek; and

  (b) The nature and extent of class-wide injury and the measure of damages for those injuries.

68. Common questions of law and fact exist as to the Massachusetts Monthly Pay Class and predominate over any questions affecting only individual members, and include, but are not limited to, the following:

(a) Whether National Grid paid the Massachusetts Monthly Pay Class on a monthly basis at its own election; and

(b) The nature and extent of class-wide injury and the measure of damages for those injuries.

69. Plaintiff's claims are typical of the claims of the Massachusetts Overtime Class she seeks to represent. Plaintiff and the Massachusetts Overtime Class work or have worked for National Grid and have not been compensated for all the hours they worked. Plaintiff and the Massachusetts Overtime Class have all sustained similar types of damages as a result of National Grid's failure to comply with Massachusetts Law.

70. Plaintiff's claims are typical of the claims of the Massachusetts Monthly Pay Class she seeks to represent. Plaintiff and the Massachusetts Monthly Pay Class work or have worked for National Grid and have not been paid on a timely basis for the hours they worked. Plaintiff and the Massachusetts Monthly Pay Class have all sustained similar types of damages as a result of National Grid's failure to comply with Massachusetts Law.

71. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Class certification is superior because it will avoid duplicative litigation that might result in inconsistent judgments against National Grid practices.

72. The members of the Massachusetts Overtime Class and the Massachusetts Monthly Pay Class have been damaged and are entitled to recovery because of National Grid's common and uniform policies and procedures.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

73. Plaintiff and the members of the Massachusetts Overtime Class and the FLSA Collective (collectively, "Overtime Class Members") have been victims of a common policy and

plan perpetrated by National Grid that have violated their rights under the FLSA and Massachusetts Law denying them wages they are owed.

74. Plaintiff and the members of the Massachusetts Monthly Pay Class (collectively, "Monthly Pay Class Members") have been victims of a common policy and plan perpetrated by National Grid that have violated their rights under Massachusetts Law denying them the timely payment of wages they are owed.

75. Plaintiff is similarly situated to the Overtime Class Members and Monthly Pay Class Members because they were paid in the same manner by the same employer.

76. On information and belief, in the past three (3) years, National Grid has employed at least forty (40) Overtime Class Members who were paid in the same manner as Plaintiff.

77. On information and belief, in the past three (3) years, National Grid has employed at least forty (40) Monthly Pay Class Members who were paid in the same manner as Plaintiff.

78. During their employment, National Grid was the Overtime Class Members' and Monthly Pay Class Members' "employer" as defined by FLSA 29 U.S.C. § 203(d).

79. On information and belief, Overtime Class Members worked more than forty (40) hours per week in multiple workweeks.

80. However, National Grid failed to pay Overtime Class Members at a rate of one and one-half their regular rate of pay for hours worked in excess of forty (40) in a workweek.

81. National Grid has the names and addresses for potential Overtime Class Members in its payroll or personnel records.

82. National Grid has the email addresses for potential Overtime Class Members in its payroll or personnel records.

83. National Grid has the phone numbers for potential Overtime Class Members in its payroll or personnel records.

84. National Grid was aware or should have been aware that the FLSA and Massachusetts Law required it to pay Overtime Class Members overtime in the amount of one and one-half times the regular rate for hours worked over forty (40) in a workweek.

85. On information and belief, Monthly Pay Class Members were paid on a monthly basis by National Grid and did not elect to be paid on a monthly basis.

86. National Grid has the names and addresses for potential Monthly Pay Class Members in its payroll or personnel records.

87. National Grid has the email addresses for potential Monthly Pay Class Members in its payroll or personnel records.

88. National Grid has the phone numbers for potential Monthly Pay Class Members in its payroll or personnel records.

89. National Grid was aware or should have been aware that Massachusetts Law does not allow National Grid to pay Monthly Pay Class Members on a monthly basis at National Grid's election.

**COUNT ONE**
**Fair Labor Standards Act – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

90. Plaintiff Laura Constantine repeats and realleges paragraphs 1 through 88 hereof, as if fully set forth herein.

91. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to National Grid and protect Plaintiff and the FLSA Collective.

92. National Grid has failed to pay Plaintiff and the FLSA Collective overtime for hours that they worked in excess of forty (40) hours in a workweek.

93. As a result of National Grid's unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

94. National Grid's unlawful conduct, as described in this Complaint, has been intentional and willful. National Grid was aware or should have been aware that the practices described in this Complaint were unlawful. National Grid has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

95. Because National Grid's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## COUNT TWO
### Non-Payment of Overtime Wages in Violation of M.G.L. c. 151, §§ 1A, 1B
**(Brought on behalf of Plaintiff and the Massachusetts Overtime Class)**

96. Plaintiff Laura Constantine repeats and realleges paragraphs 1 through 94 hereof, as if fully set forth herein.

97. Throughout the course of her employment, Plaintiff and the Massachusetts Overtime Class regularly worked in excess of forty (40) hours per workweek.

98. National Grid failed to pay Plaintiff and the Massachusetts Overtime Class overtime wages for hours worked in excess of forty in a workweek, as required by Massachusetts Law.

99. National Grid's failure to comply with M.G.L. c. 151, §1B entitles Plaintiff and the Massachusetts Overtime Class to recover three times their unpaid overtime wages, interest, reasonable attorneys' fees, and costs of litigation.

**COUNT THREE**
**Non-Payment of Wages in Violation of M.G.L. c. 149, § 148**
**(Brought on behalf of Plaintiff and the Massachusetts Monthly Pay Class)**

100. Plaintiff Laura Constantine repeats and realleges paragraphs 1 through 98 hereof, as if fully set forth herein.

101. M.G.L. c. 149, §148 mandates the timely payment of all earned wages.

102. M.G.L. c. 149, § 148 provides in relevant part as follows:

> Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him within six days of the termination of the pay period during which the wages were earned… and provided, further, that employees engaged in a bona fide executive, administrative or professional capacity…may be paid bi-weekly or semi-monthly unless such employee elects at his own option to be paid monthly…

103. National Grid violated Massachusetts Law by paying Plaintiff and the Massachusetts Monthly Pay Class on a monthly basis at its own election, rather than the election of Plaintiff and the Massachusetts Monthly Pay Class.

104. As a result, National Grid violated the Weekly Payment of Wages Act, M.G. L. c. 149, §§ 148, 150.

105. National Grid's failure to comply with M.G.L. c. 149, § 148 entitles Plaintiff and the Massachusetts Monthly Pay Class to recover treble damages, interest, reasonable attorneys' fees, and costs pursuant to M.G.L. c. 149, § 150.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

(a) That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime for all hours worked over forty (40) in a workweek;

(b) Unpaid overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, et seq., and the supporting United States Department of Labor regulations;

(c) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(d) Designation of Plaintiff as a Class Representative for the Massachusetts Overtime Class and Massachusetts Monthly Pay Class and counsel of record as Class Counsel;

(e) Unpaid overtime, treble damages, interest, reasonable attorneys' fees, and costs pursuant to M.G.L. c. 151, § 1B for failure to timely pay earned overtime wages;

(f) Unpaid overtime, treble damages, interest, reasonable attorneys' fees, and costs pursuant to M.G.L. c. 149, § 150 for failure to timely pay earned wages;

(g) Pre- and post-judgment interest;

(h) Attorneys' fees and costs of this action;

(i) A reasonable incentive award for the lead Plaintiff to compensate her for the time she spent attempting to recover wages for Class Members and for the risks she took in doing so; and

(j) Such other relief as this Court shall deem just and proper.

**[continued on next page]**

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: March 3, 2025

                                                Respectfully submitted,

                                                DARROWEVERETT LLP

/s/ *Andrew J. Adams*

Andrew J. Adams (MA Bar No. 705077)
Stacy W. Thomsen (MA Bar No. 706742)
50 Congress Street, Suite 1040
Boston, MA 02109
|adams@darroweverett.com
sthomsen@darroweverett.com

**Attorneys for Plaintiff and others similarly situated**